UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HAMILTON, et al.,

    Plaintiffs,

vs.                                         Case No. 01-CV-74698

SUSAN HALL, et al.,                        HON. AVERN COHN

    Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RELIEF FROM ORDER AND PLAINTIFFS' MOTION TO AMEND/SUPPLEMENT COMPLAINT AND DIRECTING PLAINTIFFS TO FILE FOURTH AMENDED COMPLAINTS WITHIN 10 DAYS

I. Introduction

This is a civil rights case under 42 U.S.C. §§ 1983 and 1985 with pendent state claims. Broadly stated, plaintiffs[1] claim that defendants conspired to deprive them of their civil rights arising out of the operation of topless bars/sexually oriented business owned by John Hamilton. Plaintiffs seek injunctive relief and damages.

Before the Court is plaintiffs' motion to amend or supplement the complaint to (1)

---

[1] Plaintiffs are: John Hamilton (Hamilton) - sole owner of the 4 adult entertainment establishments involved in this case, John Hamilton Trustee of the John L. Hamilton Retained Annuity Trust, John Hamilton Jr. - Hamilton's son, Jeremy Hamilton - Hamilton's son, Michael Hamilton - Hamilton's son, Jo-Bet Inc., d/b/a Henry the VII South - an adult entertainment establishment located in the City of Southgate, The Garter Belt, Inc., d/b/a/ Legg's Lounge - an adult entertainment establishment located in Van Buren Township, Hamilton's Henry VIII Lounge - an adult entertainment establishment located in City of Inkster, and Hamilton's Bogart, Inc. d/b/a Bogart's Joint - an adult entertainment establishment located in the City of Inkster.

reinstate the Michigan Liquor Control Commission (MLCC) as a defendant, (2) add the head of the MLCC Nida R. Samona as a defendant. Also before the Court is plaintiffs' motion for relief from the Court's April 28, 2003, order dismissing the state defendants on abstention grounds. For the reasons that follow, the motions will be granted in part and denied in part.

## II.  Background

This case has a complicated procedural history which is remarkable only for the lack of forward movement the many filings have generated. What follows is a brief recitation of the most relevant history.

On November 8, 2002, the Court entered an Order which, inter alia, bifurcated plaintiffs' claims against the defendants into two cases, the "state case" and the "local case."

The Court also found that:

> Plaintiffs' claims for money damages against the state agencies and the state and local individuals acting in their official capacities must be dismissed. Accordingly, with respect to the state case, defendants Jennifer Granholm, Irene Mead, Daniel Gustafson, Walter Keck, Claudia Gartin, James Storey, and Ena Weathers are DISMISSED. Plaintiffs' claim for injunctive relief against the MLCC continues.

On December 4, 2002, the Court directed plaintiffs to file within 10 days two separate Third Amended Complaints, one for the "state case" and one for the "local case." On December 20, 2002, after the 10 days, plaintiffs filed two Third Amended Complaints, naming the following defendants:

LOCAL CASE:

    Susan Hall
    Lieutenant Lawrence Hall
    Det. Paul Martin
    Det. Lawrence Lokuta
    Bryce Kelley
    City of Romulus
    City of Southgate
    City of Inkster
    Township of Van Buren
    Det. Marc Abdilla,
    Det. Michael Ondejko
    Det. Kenneth Brown
    Anthony (Tony) Abdullah
    Unknown "John Doe" Law Enforcement and Liquor Control Enforcement Officers

    STATE CASE:

    Jennifer Granholm - in her individual capacity
    Daniel Gustafson - in his individual capacity
    Maxine Perry - in her individual capacity
    Phillip Arthurhultz - in his individual capacity
    Michigan Liquor Control Commission

On December 27, 2002, the defendants in the state case (hereinafter referred to as the MLCC) filed a motion to dismiss on the grounds that plaintiffs complaint is "nothing more than a collateral attack upon Liquor Control administrative hearing enforcement actions taken against Plaintiffs' liquor licenses" and that the Court should abstain from adjudicating plaintiffs' claim for injunctive relief. Plaintiffs filed a response, arguing that abstention is not appropriate.

Before the motion could be heard, upon plaintiffs' motion for a protective order, the Court stayed all proceedings in both the state case and the local case "until the criminal charges currently pending against plaintiff John Hamilton in the 34th Judicial District Court are resolved either by dismissal or trial."

On April 21, 2003, plaintiffs filed an "Emergency Motion to Stay Enforcement of

Michigan Liquor Control Commission Decision Regarding Henry the VII and the Seizure of a Videotape by the City of Inkster." Plaintiffs move for a stay of an order issued by the MLCC, issued April 1, 2003, ordering the seizure of Henry the VII's license for 30 days plus payment of fines. Plaintiffs also seemed to suggest that this Court's January 22, 2003 stay order applied to stay proceedings before the MLCC.

In response, the MLCC argued that the Court cannot and did not stay proceedings before the MLCC. The MLCC further argued that, as asserted in its motion to dismiss, that plaintiffs are attempting to collaterally attack a state agency decision in federal court. The MLCC then asked the Court to lift the stay for the limited purpose of ruling on its pending motion to dismiss.

On April 28, 2003, the Court entered an order lifting the stay for the limited purpose of adjudicating plaintiffs' emergency motion and the MLCC's motion to dismiss. The Court denied plaintiffs' motion and granted the MLCC's motion. In dismissing the MLCC, the Court stated:

> ... the MLCC's position, as stated in its response and in its motion to dismiss, is well taken. It is clear from a review of plaintiffs' complaint against the MLCC and its instant emergency motion that plaintiffs are really seeking to collaterally challenge the actions of the MLCC and that a federal court should abstain from entertaining such an action.
> Notably, plaintiffs raised the <u>same</u> constitutional challenges to the decision of the MLCC on appeal, which the MLCC rejected, as they do in their complaint in this case. These constitutional challenges include the allegation that a videotape used as evidence for the violations was unconstitutionally seized and that they have been denied due process throughout the administrative proceedings because the MLCC is not impartial or independent.
> In response, plaintiffs argue only that the MLCC's grounds for dismissal are untimely made and that they are in need of discovery. Neither argument has merit. The MLCC filed its motion seven days after plaintiffs filed their Third Amended Complaint, which plaintiffs were directed by the Court to file. Moreover, there is no need for discovery; all of the necessary facts in support of dismissal are before the Court, including a copy of the MLCC's decisions and plaintiffs' claim of appeal to the MLCC appeal board.
> The <u>Rooker-Feldman</u> doctrine "broadly stands for the proposition that a

4

> plaintiff may not directly appeal a case decided in state court to the lower federal courts." Deja Vu of Kentucky, Inc. v. Lexington-Fayette Urban County Government, 194 F. Supp. 2d 606, 609-10 (E.D. Ky. 2002). Younger[2] abstention applies when a state proceeding involving an important state interest is currently pending, affording the plaintiff an adequate opportunity to raise constitutional claims. Carroll v. City of Mount Clemens, 139 F.3d 1072, 1074 (6th Cir. 1998).
>
> Here, plaintiffs' claim for injunctive relief against the MLCC in this case is "inextricably intertwined" with the proceedings before the MLCC. These proceedings are still open because plaintiffs have the opportunity to seek judicial review in the state courts – plaintiffs may appeal by leave a final decision of the MLCC to the State Circuit Court. See M.C.L. § 24.301 - 24.306. Plaintiffs also have the opportunity to raise, and have raised, the same constitutional claims issues before MLCC, and may continue to raise those issues in the state court. Because plaintiffs have an opportunity for state court review where they can raise the same constitutional challenges presented here, plaintiffs should avail themselves of the state forum rather than presenting them to a federal court.
>
> In reality, plaintiffs are asking a federal court to turn into an appellate tribunal for state administrative decision for which they have an avenue of judicial review in state court. In these circumstances, the principles of comity and judicial restraint counsel inherent in abstention weigh in favor of the Court's granting the MLCC's motion to dismiss.

Order at p. 4-5 (internal footnotes omitted).

The case continued stayed until June 16, 2005, when the Court, by stipulation of the parties, entered an order lifting the stay.[3]

On July 14, 2005, the Court held a status conference with the parties at which it said the following:

1. File a Fourth Amended Complaint within 2 weeks, naming only the plaintiffs and defendants which currently exist in the case

2. New parties may only be added by motion

3. Plaintiffs caption the complaint in categories, as follows:

    - Southgate and the individual defendants

    - Van Buren and the individual defendants

---

[2] See Younger v. Harris, 401 U.S. 37 (1971).

[3] Plaintiffs retained new counsel during the pendency of the stay.

5

- Inkster and the individual defendants

4. To divide the complaint into sections, as follows:

- common allegations

- allegations against Inkster

- allegations against Van Buren

- allegations against Southgate

On July 15, 2005, plaintiffs filed a Fourth Amended Complaint, naming the following defendants:

> Susan Hall
> Lt. Lawrence Hall
> Det. Paul Martin
> Det. Lawrence Lokuta
> Bryce Kelley
> **Michigan Liquor Control Commission**
> City of Romulus
> City of Southgate
> City of Inkster
> Township of Van Buren
> Det. Marc Abdilla,
> Det. Michael Ondejko
> Det. Kenneth Brown
> Anthony (Tony) Abdullah
> Unknown "John Doe" Law Enforcement and Liquor Control Enforcement Officers
> **Nida R. Samona**

The names in bold are new parties - plaintiffs thus did not comply with the Court's directive at the status conference. Moreover, plaintiffs separated the defendants by "MLCC defendants" and "Local Defendants" but did not separately categorize the defendants as directed at the status conference. Moreover, while plaintiffs have a section entitled "common averments," plaintiffs did not make separate allegations against the defendant municipalities as directed.

Because the Fourth Amended Complaint added new parties in contravention of

6

the Court's directive, the Fourth Amended Complaint was stricken from the record.  See Order Striking Fourth Amended Complaint and Setting Motion Response Deadline and Scheduling Motion Hearing, filed September 1, 2005.

### III.  Analysis

#### A.  Motion for Relief

Fed. R. Civ. P. 60(b) provides:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiffs seeks relief under Fed. R. Civ. P. 60(b)(6) on the grounds that the United States Supreme Court's recent decision in Exxon Mobile Corp. v. Saudi Basic Ind. Corp., 125 S. Ct. 1517 (2005) make clear that the Court erred in dismissing the state defendants under the Rooker-Feldman doctrine.  Plaintiffs also argue that Younger abstention is not appropriate because there is no pending criminal action (the case against John Hamilton).

Both the MLCC and state defendants Van Buren Township, Bryce Kelley filed a response.  The MLCC argues that the Court relied on both the Rooker-Feldman and Younger abstention doctrines in dismissing the case and regardless of whether Rooker-Feldman is an appropriate ground for abstention, plaintiffs have not challenged abstention under Younger.  Moreover, plaintiffs are really arguing that the Court

7

misapplied Rooker-Feldman and alleged erroneous applications of the law are not grounds for relief under Fed. R. Civ. P. 60(b)(6). Van Buren Township argues that (b)(6) cannot be used to correct alleged errors in law, that plaintiffs really seek reconsideration, the time for which has long since past, and the Court did not err in its ruling.

In reply, plaintiffs argue that a stay, not a dismissal, is appropriate under Younger. Plaintiffs do not further address the application of Exxon Mobile.

2.

A review of the parties' papers, particularly plaintiffs' reply brief, leads to the conclusion that the Court did not err in invoking principles of comity and abstention. While plaintiffs urge the Court to substantively address the application of the Exxon decision, this is not necessary in light of finding that Younger abstention continues to be appropriate for the reasons articulated in the order. Indeed, at the hearing on September 28. 2005, counsel for plaintiffs informed the Court that the Wayne County Circuit Court quashed the MLCC's findings and ordered no sanctions against the MLCC. Counsel for the MLCC, however, informed that the Michigan Court of Appeals granted leave to appeal. Thus, the case continues in state court.

Plaintiffs are correct that a stay, rather than a dismissal, is appropriate under Younger abstention. See Bates v. Van Buren Twp., 122 Fed. Appx. 803, 2004 Fed. App. 0146N (6th Cir. Dec 06, 2004) (unpublished). Accordingly, the order of April 28, 2003 is modified. The case against the state defendants is STAYED, not dismissed.

A.  Motion to Amend

Plaintiffs seek to add the MLCC and its chair, Nida R. Samona. Van Buren is the only defendant to file a response to the motion and they argue it should be denied on

the grounds that plaintiffs have continually failed to follow the Court's directives.

Under Fed. R. Civ. P. 15, leave to amend shall be freely granted. Because the case against the state defendants, which comprises these defendants, must be stayed, and there being no prejudice, plaintiffs may add them as defendants in the state case.

## IV. Conclusion

For the reasons stated above, plaintiffs' motions are GRANTED IN PART AND DENIED IN PART.

1. The case against the State Defendants is STAYED, not DISMISSED. The MLCC may be re-added as a defendant in the State Case.

2. Within 10 days, plaintiffs shall file two Fourth Amended Complaints, as follows:

    a. The complaint in the State Case shall name only the State Defendants, including Nida R. Samona, and including allegations only as to the State Defendants

    b. The complaint in the Local Case shall name only the Local Defendants which shall be:

        (I) Captioned in categories, as follows:

        - Southgate and the individual defendants

        - Van Buren and the individual defendants

        - Inkster and the individual defendants

        (ii) Divided into sections, as follows:

        - common allegations

        - allegations against Southgate defendants

        - allegations against Van Buren defendants

9

- allegations against Inkster defendants

Should plaintiffs fail to follow the Court's directive, the case will be dismissed.

SO ORDERED.

        s/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: September 30, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2005, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager
        (313) 234-5160