UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HAMILTON, et al.,

    Plaintiffs,

vs.                                                                                            Case No. 01-CV-74698
                                                                                              (LOCAL CASE)

SUSAN HALL, et al.,                                                             HON. AVERN COHN

    Defendants.
_____/

**MEMORANDUM AND ORDER**
**DENYING THE ROMULUS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**[1]

I. Introduction

This is a civil rights case under 42 U.S.C. §§ 1983 and 1985 with pendent state claims.  Broadly stated, plaintiffs claim that defendants conspired to deprive them of their civil rights arising out of the operation of topless bars/sexually oriented business that are located in the downriver Detroit area and owned by John Hamilton.  Plaintiffs seek injunctive relief and damages.

Before the Court is the Romulus defendants' motion for summary judgment on the grounds of res judicata.  For the reasons that follow, the motion is DENIED.

II. Background

---

[1] The Court originally scheduled this matter for hearing.  Upon review of the parties' papers, however, the Court finds that oral argument is not necessary.  See E.D. Mich. LR 7.1(e)(2).

This case has a complicated procedural history. The following is a recitation of the relevant portions of its history.

- Plaintiffs are:

    John Hamilton - sole owner of the 4 adult entertainment establishments involved in this case

    John Hamilton Trustee of the John L. Hamilton Retained Annuity Trust

    John Hamilton Jr. - John Hamilton's son

    Jeremy Hamilton - John Hamilton's son

    Michael Hamilton - John Hamilton's son

    Jo-Bet Inc., d/b/a Henry the VII South - an adult entertainment establishment located in the City of Southgate

    The Garter Belt, Inc., d/b/a/ Legg's Lounge - an adult entertainment establishment located in Van Buren Township

    Hamilton's Henry VIII Lounge - an adult entertainment establishment located in City of Inkster

    Hamilton's Bogart, Inc. d/b/a Bogart's Joint - an adult entertainment establishment located in the City of Inkster

- On December 12, 2001, plaintiffs filed this action naming the following defendants:

    Jennifer Granholm
    Daniel Gustafson
    Walter Keck
    Claudia Gartin
    James Storey
    Ena Walters
    Susan Hall
    Lt. Lawrence Hall
    Det. Paul Martin
    Det. Lawrence Lokuta
    Hilliard Hampton III
    Bryce Kelley

2

        Helen Foster
        City of Southgate
        City of Inkster
        Township of VanBuren
        Unknown John Doe Enforcement Officers

- Plaintiffs did not name the City of Romulus or any of its employees.

- On May 20, 2002, Billy Martin, James Martin, Bobby Martin, John Hamilton, The Garter Belt, Inc. And Hamilton's Henry the VII Lounge, Inc. filed an Emergency Complaint for Money Damages, Injunction with Order to Show Cause, Ex-Parte TRO and Motion for Return of Property in Wayne County Circuit Court against Van Buren Township, the City of Romulus, March Abdilla (a Van Buren Township police officer), and Michael Ondejko (a City of Romulus police officer) ("the Wayne County case").

- As best as can be gleaned from the complaint, on May 3, 2002, Abdilla obtained a search warrant for Legg's Lounge and a residence located in the back parking lot area of Legg's Lounge, owned by John Hamilton and occupied by a Bobby Martin.  The warrant was executed that same day, at approximately 9:00 am at which time certain items were seized, including a substantial portion of cash from a safe at Legg's Lounge.  On May 14, 2002, Michael Ondejko obtained a search warrant for a safety deposit box belonging to Billy Martin, Bobby Martin, The Garter Belt, Inc., Legg's Lounge, or John Hamilton.  Again, a substantial amount of cash was seized from certain safety deposit boxes.

- Plaintiffs challenged the validity of the search warrants and requested that all of the seized items be returned to plaintiffs.  The complaint also mentions the federal lawsuit, as follows:

In December 2002, John Hamilton, Legg's, Henry's and the two other corporations owned by Hamilton and various members of the Hamilton family, filed suit in the United States District Court pursuant to 42 U.S.C. 1983, alleging that Van Buren, together with the City of Inkster and others, were conspiring to put Hamilton and his corporations out of business.

Complaint at ¶ 81.  The complaint also alleged that the defendants, including Ondejko, "set about to harass the dancers and staff working for Hamilton's four corporations" (Complaint at ¶ 85) and "defendants have set on a campaign to harass and interfere with Plaintiff corporations and the business owned by John Hamilton (Complaint at ¶ 88).

• In addition to a claim for the return of the seized property, the complaint contained a claim of negligence by defendants in the execution of the search warrants and a defamation claim against "representatives of Van Buren."

• On November 8, 2002, the Court entered an Order which, <u>inter alia</u>, bifurcated plaintiffs' claims against the defendants into two cases, the "state case" and the "local case."

• On December 4, 2002, the Court directed plaintiffs to file within 10 days two separate Third Amended Complaints, one for the "state case" and one for the "local case."

• On December 20, 2002, after the 10 days, plaintiffs filed two Third Amended Complaints, naming the following defendants:

LOCAL CASE:

Susan Hall
Lieutenant Lawrence Hall
Det. Paul Martin
Det. Lawrence Lokuta

4

>Bryce Kelley
>City of Romulus
>City of Southgate
>City of Inkster
>Township of Van Buren
>Det. Marc Abdilla,
>Det. Michael Ondejko
>Det. Kenneth Brown
>Anthony (Tony) Abdullah
>Unknown "John Doe" Law Enforcement and Liquor Control Enforcement Officers
>
>STATE CASE:
>
>Jennifer Granholm - in her individual capacity
>Daniel Gustafson - in his individual capacity
>Maxine Perry - in her individual capacity
>Phillip Arthurhultz - in his individual capacity
>Michigan Liquor Control Commission

• Again, plaintiffs did not name the City of Romulus or any of its employees.

• On December 18, 2002, the Wayne County Circuit Court entered an Amended Order Denying Plaintiffs' Motion for Return of Personal Property and Order Dismissing All Claims with Prejudice Against all Defendants.  This effectively ended the Wayne County case; this order is the only order in the record.

• Two days after the dismissal of the Wayne County case, on December 20, 2002, plaintiffs filed a Third Amended Complaint in "the local case."  The complaint, for the first time, names the City of Romulus and Michael Ondejko.

• Plaintiffs did not serve the Third Amended Complaint on the City of Romulus or Ondejko.

• On December 27, 2002, the defendants in "the state case" filed a motion to dismiss on the grounds that plaintiffs complaint is "nothing more than a

5

collateral attack upon Liquor Control administrative hearing enforcement actions taken against Plaintiffs' liquor licenses" and that the Court should abstain from adjudicating plaintiffs' claim for injunctive relief.

- Before the motion could be heard, on January 22, 2003, the Court stayed all proceedings in both the state case and the local case "until the criminal charges currently pending against plaintiff John Hamilton in the 34th Judicial District Court are resolved either by dismissal or trial."

- The case remained stayed for over two years, until June 16, 2005, when the Court, by stipulation of the parties, entered an order lifting the stay.[2]

- On July 14, 2005, the Court held a status conference with the parties at which it said, inter alia, the following:

1. Plaintiffs shall file a Fourth Amended Complaint within 2 weeks, naming only the plaintiffs and defendants which currently exist in the case
2. New parties may only be added by motion

- On July 15, 2005, plaintiffs filed a Fourth Amended Complaint, naming the following defendants:

> Susan Hall
> Lt. Lawrence Hall
> Det. Paul Martin
> Det. Lawrence Lokuta
> Bryce Kelley
> Michigan Liquor Control Commission
> City of Romulus
> City of Southgate
> City of Inkster
> Township of Van Buren
> Det. Marc Abdilla,
> Det. Michael Ondejko

---

[2]Plaintiffs retained new counsel during the pendency of the stay.

>   Det. Kenneth Brown
>   Anthony (Tony) Abdullah
>   Unknown "John Doe" Law Enforcement and Liquor Control Enforcement Officers
>   Nida R. Samona

- Because the Fourth Amended Complaint added new parties in contravention of the Court's directive, namely the MLCC and Nida R. Samona, it was stricken from the record.

- On October 17, 2005, plaintiffs filed a corrected Fourth Amended Complaint in both "the state case" and "the local case."  The local case names the following defendants:

>   **Southgate Defendants:**
>   Susan Hall
>   Lt. Lawrence Hall
>   Det. Lawrence Lokuta
>   City of Southgate
>   Unknown John Doe Enforcement Officers
>
>   **Inkster Defendants:**
>   Det. Paul Martin
>   Det. Kenneth Brown
>   Anthony (Tony) Abdullah
>   City of Inkster
>   Unknown John Doe Enforcement Officers
>
>   **Van Buren Defendants:**
>   Det. Marc Abdilla
>   Bryce Kelley
>   Township of Van Buren
>   Unknown John Doe Enforcement Officers
>
>   **Romulus Defendants:**
>   Michael Ondejko
>   City of Romulus

- The parties have since been proceeding in discovery.

- On May 16, 2006, the City of Romulus and Ondejko (the "Romulus

defendants") filed the instant motion.

### III. Analysis

#### A.

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50. Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings. Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must

prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson, 477 U.S. at 251-52). The Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. See Anderson, 477 U.S. at 255. Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted. Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

B.

The Romulus defendants' motion for summary judgment is based solely on res judicata. Michigan courts broadly apply res judicata to claims previously litigated and those arising out of the same transaction that could have been raised with the exercise of reasonable diligence. Dart v. Dart, 460 Mich. 573, 586 (1999). The doctrine is employed to prevent multiple suits litigating the same cause of action. Adair v. State, 470 Mich. 105, 121 (2004). Res judicata bars a second action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. Id.

The Romulus defendants say that the Wayne County case is res judicata to this action. Plaintiffs, in a rather unusual series of argument, say that (1) the Romulus defendants were "agents" of Van Buren Township and therefore "implicitly" included in the original complaint, (2) the Third Amended Complaint first naming the Romulus defendants "relates back" to the original complaint, (3) the dismissal in Wayne County was not a adjudication on the merits and did not contain all of the same plaintiffs. The

latter argument is the only one which responds to the issue of res judicata.

C.

The results of the Wayne County case does not bar plaintiffs from suing the Romulus defendants. The Wayne County case essentially challenged the legality of the search warrants and the clear thrust of the complaint was to seek the return of the seized property as well as damages. While some of the plaintiffs in the Wayne County case are the same as the plaintiffs in this case, particularly John Hamilton, the Garter Belt, and Hamilton's Henry VII Lounge, the Wayne County case had other plaintiffs not named in this case who were impacted by the search warrants. Although the Wayne County case referred to this case in the complaint, the allegations in this case are not the type that could have, or should have, been brought in the Wayne County case. Moreover, the dismissal of the Wayne County case, so far as the Court can tell, does not appear to be an adjudication on the merits sufficient to invoke res judicata. Plaintiffs say that the Romulus defendants did not file a motion for summary judgment in the Wayne County case and that the case was dismissed because the claims surrounding the seizure had to await resolution of any criminal action against any of the plaintiffs; the Romulus defendants do not dispute this assertion. There is no indication that plaintiffs are trying to split any cause of action against the Romulus defendants by not naming them in this case until the filing of the Third Amended Complaint.

D.

10

The Court is constrained to observe that the plaintiffs have proceeded in a manner which suggests they are more interested in litigating than obtaining relief.  The defendants have encouraged this approach by responding in kind.  The instant motion is an example.  The parties are better advised to complete discovery and agree on a joint final pretrial statement and then have the Court set the case for trial.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  August 15, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 15, 2006, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160